CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 19 2010

JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTWOINE JONES, ) | |
| Petitioner, ) | Civil Action No. 7:09-cv-00185 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| WARDEN KELLY, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

This is a habeas petition pursuant to 28 U.S.C. § 2254 by Antwoine Jones challenging his 2006 convictions in the Circuit Court of the City of Danville, Virginia arising out of Jones' sexual abuse of his minor daughter. The Circuit Court convicted Jones of taking indecent liberties with a minor with whom he had a custodial relationship (in violation of Va. Code § 18.2-370.1), attempted incest (in violation of Va. Code § 18.2-366), attempted rape (in violation of Va. Code § 18.2-67.5), forcible sodomy (in violation of Va. Code § 18.2-67.1), and object sexual penetration (in violation of Va. Code § 18.2-67.2). Jones maintains that counsel provided ineffective assistance because counsel: "allowed" Jones to be sentenced above the statutory maximum on the indecent liberties charge, failed to object to the court convicting Jones of both attempted rape and attempted incest even though the factual predicate to support each conviction arose from the same act, and failed to argue that Jones' indictments violated the Ex Post Facto Clause. Jones also claims that the evidence was insufficient to prove "penetration" to support his conviction for forcible sodomy and insufficient to prove "specific intent" or "age of the victim" to support his conviction for attempted rape.

The court *sua sponte* considers whether Jones' habeas petition contains exhausted and un-exhausted claims and is, therefore, a mixed petition, determines that it is not, and concludes that all of Jones' claims either lack merit or are procedurally defaulted.

# I.

After a bench trial, in the Circuit Court of the City of Danville, the court found Jones guilty of forcible sodomy, indecent liberties with a minor with whom he had a custodial relationship, attempted rape, incest,[1] and object sexual penetration, and not guilty of another count of forcible sodomy and another count of indecent liberties. The court sentenced Jones to ten years as to each count of conviction, with five years suspended as to each count. Jones appealed to the Court of Appeals of Virginia, claiming that the testimony of the victim, who was ten years old at the time she testified, was "inherently incredible" for various reasons. The Court of Appeals denied Jones' appeal, and he appealed to the Supreme Court of Virginia raising a single claim that "[t]he trial court and the Court of Appeals erred in finding that the complainant's testimony, used to convict [Jones] of forcible sodomy, indecent liberties with a minor, attempted rape, incest, and object sexual penetration, was credible and worthy of belief." The Supreme Court of Virginia refused Jones' petition.

Jones then filed a habeas petition in the Supreme Court of Virginia raising six ineffective assistance of counsel claims: (1) failure to argue, as to the forcible sodomy charge, that the Commonwealth was impermissibly relying upon an irrebuttable or conclusive presumption of force based on the age of the victim; (2) failure to argue, as to the attempted rape and the attempted incest charges, that "two attempts cannot share the same 'specific intent'"; (3) failure to raise, in Jones' own words, Jones' "only meritorious claim" – the claim that there was insufficient evidence of penetration to sustain a forcible sodomy conviction; (4) failure to object to the court finding him guilty of incest when he was charged with *attempted* incest; (5) failure to

---

[1] The court notes that Jones was convicted of attempted incest in open court, however, the original conviction and sentencing order erroneously stated that he was convicted of incest. This error has since been corrected as noted herein.

argue that trying Jones for both attempted rape and attempted incest for the same act violated the Double Jeopardy clauses of the United States and Virginia constitutions; and (6) failure to argue that the indecent liberties, forcible sodomy, and object sexual penetration indictments violated the Ex Post Facto Clause.

On January 12, 2009, the Supreme Court of Virginia determined that Jones' claim that counsel was ineffective in failing to object to the Circuit Court finding him guilty of incest when he was charged with *attempted* incest had merit.[2] The court issued Jones "a limited grant of the writ habeas corpus," as to that claim only, in order to correct the conviction order to reflect that Jones had been convicted of attempted incest (not incest) and for a new sentencing hearing as to that conviction. In the same order, the Supreme Court of Virginia denied all of Jones' remaining claims on the merits.

After the Supreme Court of Virginia's limited grant of habeas relief, but before Jones was re-sentenced, Jones filed this federal habeas petition on April 21, 2009, raising three claims of ineffective assistance of counsel and two claims challenging the sufficiency of the evidence.

On June 22, 2009, before the state court re-sentenced Jones on his attempted incest conviction, the Commonwealth moved the Circuit Court to re-sentence Jones on his indecent liberties conviction as well because the sentence originally imposed exceeded the statutory maximum. Jones had been sentenced to ten years incarceration with five years suspended on the indecent liberties conviction; however, the offense is a Class 6 felony and subject to a maximum

---

[2] The court determined that Jones satisfied both the performance and prejudice prongs set out in Strickland v. Washington, 466 U.S. 668, 687 (1984). The court based its determination on the facts that Jones was indicted for and found guilty of attempted incest, a Class 6 felony which is punishable by a maximum of five years, but that the conviction and sentencing orders erroneously reflected that he was charged with and convicted of incest, a Class 5 felony which is punishable by a maximum of ten years. Jones was initially sentenced to ten years incarceration (with five years suspended) as to that conviction. The court found that counsel's failure to alert the trial court to this error resulted in Jones being sentenced to a higher range of punishment and that, but for counsel's error, the result of the proceeding would have been different.

punishment of five years incarceration.

The Circuit Court granted the Commonwealth's request, and on July 28, 2009, the Circuit Court entered a *nunc pro tunc* order effective February 27, 2006, (the entry date of the original sentencing order) reflecting that Jones had been convicted of attempted incest not incest and reducing his sentence to five years imprisonment on that conviction and five years imprisonment on the indecent liberties conviction, with no time suspended on either of those counts of conviction. After the Circuit Court entered the order, Jones requested a re-sentencing hearing as to his attempted incest conviction. Jones claimed that another hearing was necessary to allow him to put on evidence relevant to re-sentencing on the attempted incest conviction in order to fully implement the remand instructions of the Supreme Court of Virginia. The Circuit Court granted Jones another re-sentencing hearing as to both the attempted incest and indecent liberties convictions, and on December 15, 2009, reimposed a five-year sentence on the attempted incest conviction and reduced Jones' sentence on the indecent liberties conviction to five years, with two and one-half years suspended. Jones appealed and that appeal is pending in the Court of Appeals of Virginia.

## II.

Because the Circuit Court recently re-sentenced Jones on his attempted incest and indecent liberties convictions and Jones' appeal of his re-sentencing is pending in the Court of Appeals of Virginia, the court *sua sponte* considers whether Jones has exhausted his claims regarding those convictions. The court concludes that he has and that, in any event, the claims are subject to dismissal on grounds other than non-exhaustion, as explained below. Accordingly, the court dismisses Jones' claims on those other grounds.

A mixed petition is one that contains both exhausted and unexhausted claims. Except in

4

a few limited circumstances, failure to exhaust any claim will result in the entire petition being dismissed without prejudice. See Rose v. Lundy, 455 U.S. 509 (1982). However, "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).[3] All of Jones' claims here relating to the fact of conviction of attempted incest and indecent liberties have been decided finally by the Supreme Court of Virginia or are no longer subject to review in that court, the state courts have, in effect, vacated the sentences he challenges, and the Circuit Court has re-sentenced him.[4]

### III.

Jones claims that counsel was ineffective at sentencing because he failed to object that Jones' sentence of ten years (with five suspended) for indecent liberties exceeded the statutory maximum term for that offense – five years. However, since Jones filed this habeas petition, the Circuit Court has re-sentenced Jones to five years and, therefore, his claim is now moot.[5]

Generally, issues become moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Even if a case was live at its inception, an actual controversy must exist during all

---

[3] Further, § 2254(b)(1)(B) provides that a petition need not be dismissed for lack of exhaustion if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."

[4] To the extent Jones wishes to challenge the constitutionality of his re-sentencing proceedings and/or the new sentence imposed pursuant to the judgment order entered on December 15, 2009, that challenge should be made through a separate habeas petition *after* Jones has exhausted his available state court remedies. See In re Taylor, 171 F.3d 185 (4th Cir. 1999) (where habeas petitioner sought only to raise grounds which arose at the time of his re-sentencing and this petition was his first opportunity to present those claims, the petition was not "second or successive" for purposes of the AEDPA).

[5] Moreover, although Jones did not raise this claim in his state habeas petition, the only available relief he would have received had he raised this claim to the state court would have been a re-sentencing hearing resulting in a sentence within the statutory maximum. Inasmuch as Jones has already obtained that relief, the court finds that there is no further state court remedy available to him on this claim.

stages of litigation to satisfy the case-or-controversy requirement of Article III of the U.S. Constitution. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim.")

In this case, Jones was convicted of taking indecent liberties with a minor with whom he had a custodial relationship, which is a Class 6 felony. See Va. Code § 18.2-3701. The maximum term of incarceration for a Class 6 felony is five years. See Va. Code § 18.2-10(f). Although Jones was initially sentenced to a term of ten years incarceration for this offense (with five years suspended), his term has now been reduced to five years (with no time suspended). Consequently, his current sentence for indecent liberties is no longer above the statutory maximum, the claim is now moot, and the court dismisses it.

### IV.

Jones also advances two other ineffective assistance of counsel claims, which the Supreme Court of Virginia adjudicated on the merits. This court finds that the state court's adjudication of these claims was neither contrary to nor involved an unreasonable application of clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts. Therefore, the court dismisses Jones' remaining ineffective assistance claims.

This court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or

6

involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts."[6] 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). In this case, the Supreme Court of Virginia found that both of Jones' ineffective assistance of counsel claims failed under Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, in order to establish a claim of ineffective assistance, a habeas petitioner must show that counsel's performance was deficient and that the deficiency prejudiced his defense. Id. at 687. To establish deficient performance, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." Id. at 688. There is a strong presumption that an attorney has acted reasonably. Id. at 688-89. To establish prejudice to his defense, a petitioner must demonstrate that but for his attorney's alleged errors, there is a reasonable probability that the outcome of the trial would have been different. Id. at 694.

Jones claims that counsel was ineffective in failing to "object and argue that [Jones was] sentence[d] twice for the same offense" because the conduct to support his convictions for attempted rape and attempted incest arose from the same act.[7] In adjudicating this claim on state

---

[6] A state court's adjudication is considered contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision unreasonably applies clearly established federal law if the court identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. It is not enough that a state court applied federal law incorrectly; relief may only be granted if the application of federal law is unreasonable. Id. at 411. Factual determinations made by the state court are "presumed to be correct," and the petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." § 2254(e)(1).

[7] The court notes that Jones' re-sentencing and pending appeal related to his conviction for attempted incest do not affect this court's consideration of his instant claim. Although Jones' sentence as to this count of conviction has changed, his guilt has not. The instant claims goes to the validity of the state court's finding of guilt, not to the resulting sentence imposed. Inasmuch as Jones was re-sentenced on this conviction, he may now challenge the re-sentencing proceedings and his new sentence on appeal and in a new habeas petition, but any claims as to his guilt would be procedurally barred. Moreover, Jones already raised his instant claim to the Supreme Court of Virginia on habeas
(continued...)

habeas, the Supreme Court of Virginia noted that the crimes of attempted rape and attempted incest each require proof of a fact that the other does not. Rape requires proof of either force or that the victim was less than thirteen years of age, while attempted incest requires proof of a familial relationship. Therefore, the court found that "trying petitioner for both attempted rape and attempted incest was not a violation of double jeopardy." Accordingly, the court determined that failure to raise a "futile objection" was not deficient performance and could not establish prejudice under Strickland.

When two charges arise out of the same conduct, the Fifth Amendment requires that the sentencing court "determine whether the legislature . . . intended that each violation be a separate offense." Garrett v. United States, 471 U.S. 773, 778 (1985). If the legislature intends each violation to be a separate offense with separate punishments, then the Double Jeopardy Clause does not come into play. "When the claim is made in relation to state offenses, federal courts are essentially bound by state court interpretations of state legislative intent on this score." Thomas v. Warden, 683 F.2d 83, 85 (4th Cir. 1982). In adjudicating Jones' state habeas petition, the Supreme Court of Virginia implicitly determined that the Virginia legislature intended attempted rape and attempted incest to be separate offenses. Because the Supreme Court of Virginia is the ultimate arbiter of what the Virginia legislature intended, its determination in that regard is unassailable. Moreover, even if this court owed no deference, it is clear that the offenses of attempted rape and attempted incest have different elements and the legislature intended that they have separate punishments. Accordingly, this court finds that the state court reasonably concluded that Jones did not demonstrate that counsel's failure to object fell below an objective

---

[7](...continued)
review. Therefore, the court finds that Jones has no further available state remedy for this claim.

8

standard of reasonableness, or that but for counsel's failure to object, the outcome would have been different.

Jones also claims that counsel was ineffective in failing to argue that Jones' indictments violated the Ex Post Facto Clause. In adjudicating this claim, the Supreme Court of Virginia determined, that "[t]he record, including the indictments, demonstrated that the indictments properly tracked the language of the statutes, as they existed when petitioner committed the offenses." Therefore, the court determined, "there was no ex post facto violation." Consequently, the court found that, because counsel cannot be ineffective in failing to raise a meritless objection, petitioner "failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would be different," and thus, his claim failed under Strickland. The Court finds the Supreme Court of Virginia's adjudication of the claim to be unassailable.

The Ex Post Facto Clause exists to assure individuals fair notice of the nature and consequences of criminal behavior and to prevent the alteration of preexisting rules subsequent to the commission of an act. Evans v. Thompson, 881 F.2d 117, 120 (4th Cir. 1989). To establish an ex post facto violation, Jones must demonstrate that a change in the law retroactively altered the definition of criminal conduct or increased the penalty for the offenses charged. See Collins v. Youngblood, 497 U.S. 37, 49-52 (1990). Here, the court has determined that Jones' indictments, in fact, tracked the language of the statutes as they existed when Jones committed the offenses.[8] It follows that the Supreme Court of Virginia reasonably concluded that Jones did not show that counsel's failure to object fell below an objective standard of reasonableness, or that but for counsel's failure to object, the outcome of the proceeding would have been different.

---

[8] Compare Va. Code §§ 18.2-67.1 (1994), 18.2-370.1 (2001), and 18.2-67.2 (1999) with Trial Tr. at 2-5, Jan. 9, 2006.

Based on the foregoing, this court dismisses Jones' remaining ineffective assistance of counsel claims.

### V.

Jones complains that the evidence presented at trial was insufficient to support his forcible sodomy and attempted rape convictions. Specially, he argues that the evidence did not prove "penetration" for forcible sodomy and did not prove "specific intent" or the "age of the victim" for attempted rape. The court finds that these claims are procedurally defaulted, and Jones has not demonstrated grounds to excuse his default.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Although a petitioner need not "cite book and verse on the federal constitution" in order to satisfy the exhaustion requirement, the federal claim nevertheless must be "fairly presented" to the state court. Picard v. Conner, 404 U.S. 270, 278, 275 (1971) (internal quotation marks omitted); Baker, 220 F.3d at 289. Fair presentation mandates that the federal claim "be presented faceup and squarely .... Oblique references which hint that a theory may be lurking in the woodwork will not suffice." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). Rather, "both the operative facts and the controlling legal principles must be presented to the state court." Id. (internal quotation marks omitted); Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002). Thus, in state court, the petitioner is obligated to identify the federal constitutional right purportedly infringed, identify the facts thought to support such a violation, and to explain how those facts establish a violation of his constitutional rights. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim. See Duncan

v. Henry, 513 U.S. 364, 366 (1995) (*per curiam*). In this case, Jones did not present his instant claims regarding sufficiency of the evidence to prove "penetration" for forcible sodomy or "specific intent" or the "age of the victim" for attempted rape to the Supreme Court of Virginia.[9]

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." Baker, 220 F.3d at 288; see Gray v. Netherland, 518 U.S. 152, 161 (1986). If Jones were to attempt to raise these claims to the Supreme Court of Virginia now, that court would find the claims are procedurally barred. See Va. Code §§ 8.01-671(C) (establishing that a direct appeal must be filed within thirty days after the date of the decision appealed from), 8.01-654(B)(2) (requiring habeas petitioners to raise all available grounds for relief in their first state petition for a writ of habeas corpus); Slayton v. Parrigan, 205 S.E.2d 680 (1974) (claims that could have been raised at trial and on direct appeal but were not are procedurally defaulted). Consequently, Jones' claims are now simultaneously exhausted and procedurally barred from federal habeas review. Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Dir., Dep't. of Corr., 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006).

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if he shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v.

---

[9] The court notes that on direct appeal, Jones challenged the sufficiency of the evidence to the extent he claimed that the court erred in finding that the victim's testimony was "inherently incredible" because she "yawned on the stand, had to be prodded to answer questions, threw her head and arms around, and answered some questions with 'whatever' or 'why does that matter.'" However, Jones did not allege that if the victim's testimony was believed, the evidence was insufficient to prove "penetration" to support his conviction of forcible sodomy or "specific intent" or "age of the victim" to support his conviction of attempted rape. Nor did Jones even allege that the victim's testimony regarding those specific elements was incredible. Therefore, the court finds that Jones' instant claims regarding the sufficiency of the evidence have not been fairly presented to the state court as required by § 2254(c).

11

Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to his defense, which impeded him from raising his claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. Id. at 488. The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. In this case, nothing in the record would remotely support a claim of actual innocence[10] and Jones offers nothing to excuse his procedural default.[11] Accordingly, the court finds that these claims are barred from federal habeas review, and therefore, dismisses them.[12]

---

[10] See infra note 12 for the court's discussion of the merits of Jones' claims challenging the sufficiency of the evidence.

[11] The court notes that on state habeas review, Jones argued that counsel was ineffective in failing to argue that the evidence of "penetration" was insufficient to support his forcible sodomy conviction; however, Jones does not raise that claim of ineffective assistance to this court. Further, the state court adjudicated that claim and denied it on the merits.

[12] Moreover, even if the court were to consider Jones' claims as having been fairly presented to the state court and were not barred, his claims would nevertheless fail. The standard of review in habeas corpus of an insufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The court may not question the fact finder's determinations of witness credibility. See Sumner v. Mata, 455 U.S. 591, 591-93 (1982) (*per curiam*) (Section 2254(d) plainly requires a federal habeas court to presume factual findings made by a state court after a full and fair hearing on the merits to be correct unless "not fairly supported by the record"); Marshall v. Lonberger, 459 U.S. 422, 434 (1983) (Section "2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."); United States v. Saunders, 886 F.2d 56 (4th Cir. 1989); Pigford v. United States, 518 F.2d 831 (4th Cir. 1975). In this case, Jones has not demonstrated that, after viewing the evidence in the light most favorable to the prosecution, no reasonable trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. Accordingly, Jones' claims fail.

Jones alleges that the evidence was insufficient to prove "penetration" to support a conviction of forcible sodomy by engaging in fellatio, in violation of Va. Code § 18.2-67.1 (An accused shall be guilty of forcible sodomy if he or she engages in . . . fellatio . . . with a complaining witness who is not his or her spouse . . . and . . . the complaining witness is less than thirteen years of age. . . ."). "Penetration is an essential element of the crime of sodomy." Ryan v. Commonwealth, 247 S.E.2d 698, 702 (Va. 1978). However, penetration in sodomy, as in rape, can be proved by
(continued...)

<sup>12</sup>(...continued)
circumstantial evidence, and the penetration "need be only slight." Id.; Jett v. Commonwealth, 510 S.E.2d 747, 749 (Va. 1999). Jones, argues that the victim's testimony that her mouth was "on" his penis is insufficient to prove penetration under Ashby v. Commonwealth, 158 S.E.2d 657, 658 (1968) (testimony that the boy placed his mouth "on" defendant's penis did not establish that the penis was "in" the boy's mouth, which is required to prove the penetration element of fellatio). However, Jones' reliance on Ashby is misplaced because the victim in this case clarified her statement that her "mouth was *on* his private" by then affirming that "his private was *in* [her] mouth."

In response to respondent's motion to dismiss, Jones argues that his case is "identical" to Moore v. Commonwealth, 491 S.E.2d 739 (Va. 1997), in which the Supreme Court of Virginia found that the victim's testimony that the defendant placed his penis "in" her vagina and that he placed his penis "on" her vagina placed the Commonwealth's evidence in "a state of equipoise on an essential element of the crime," and therefore, was insufficient to support a conviction of rape. However, Jones' reliance on Moore is misplaced as well. In reaching its conclusion in Moore, the court stated that the "prosecution has presented, from the mouth of the victim, two different accounts of the essential facts relating to a crucial element of the crime. As we have stated, the Commonwealth's evidence must be consistent only with the guilt of the accused. [See Powers v. Commonwealth, 177 S.E.2d 628, 629 (Va. 1970) ("The evidence must exclude every reasonable hypothesis of innocence and be consistent only with the guilt of the accused.")]. However, in this case, the Commonwealth's evidence is consistent with the innocence of the accused regarding the crime with which he was charged."

Federal courts have expressly declined to "adopt Virginia's stricter standard of review for sufficiency of the evidence" on collateral attack and held that the state was not required to exclude every reasonable hypothesis of innocence. Inge v. Procunier, 758 F.2d 1010, 1014; see also Jackson, 443 U.S. at 326 (noting that prosecution is not "under an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt"). Thus, the court finds that Jones has failed to show that, when viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof beyond a reasonable doubt of penetration to support his conviction of forcible sodomy.

Jones also alleges that the evidence was insufficient to prove "specific intent" and "age of the victim" to support his conviction of attempted rape, in violation of Va. Code § 18.2-67.5 (Pursuant to Va. Code § 18.2-61, a person is guilty of rape if he or she " . . . has sexual intercourse with a complaining witness, whether or not his or her spouse . . . and such act is accomplished . . . with a child under age 13 as the victim . . . ."). To establish an attempt to commit rape, the Commonwealth must prove (1) an intent to commit the crime; and (2) some direct, but ineffectual, act toward its commission that goes far enough to amount to the commencement of the consummation of the crime. Chittum v. Commonwealth, 174 S.E.2d 779, 781 (Va. 1970). The act, however, "need not be the last proximate act to the consummation of the crime in contemplation." Granberry v. Commonwealth, 36 S.E.2d 547, 548 (Va. 1946). Intent is a state of mind that may be proved by an accused's acts or by his statements and that may be shown by circumstantial evidence. Barrett v. Commonwealth, 169 S.E.2d 449, 451 (Va. 1969). In cases involving an attempt to commit a crime, the fact finder is often allowed broad latitude in determining the specific intent of the actor. Fortune v. Commonwealth, 416 S.E.2d 25, 27 (Va.1992) (citing Ridley v. Commonwealth, 252 S.E.2d 313, 314 (Va. 1979)). In the instant case, the victim testified that, while in her bedroom, the defendant made her pull her pants and underwear down to her ankles, he lifted her legs over her head, put a substance that looked like lotion "on his private," put his private between her legs, and said "[t]he first time, it'll hurt, but the second time it won't." The victim testified that this encounter ended when someone came upstairs and the defendant "ran in his room." When viewing the evidence in the light most favorable to the prosecution, the court finds that Jones has not demonstrated that no rational trier of fact could have found the element of specific intent beyond a reasonable doubt to support his conviction for attempted rape.

With regard to Jones' allegation that the evidence was insufficient to prove the "age of the victim." The court notes that the victim's mother testified that the victim was born on March 12, 1995, and the indictment alleges that the conduct occurred between June 1, 2003, and November 23, 2003. Therefore, the victim was eight years old at the time of the offense. Further, the victim testified that she was ten years old at the time of her testimony (approximately two years after the offense). Therefore, when viewing the evidence in the light most favorable to the prosecution, the court finds that Jones has not demonstrated that no rational trier of fact could have found the element of victim's age beyond a reasonable doubt to support his conviction for attempted rape.

13

## VI.

For the reasons stated, the court dismisses Jones' § 2254 petition.

**ENTER:** This 19th day of March 2010.

_____
United States District Judge